**Carlos Ernesto HERNANDEZ– AQUINO, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 08–72146.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 14, 2010.

Claudia Jasmine Lopez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

Christopher McGreal, Aviva Poczter, Senior Litigation Counsel, Emily Anne Radford, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litiga-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tion, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Carlos Ernesto Hernandez–Aquino, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and we review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the agency's determination that the threats gang members made against Hernandez–Aquino did not constitute persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000). Substantial evidence also supports the agency's determination that Hernandez–Aquino failed to establish past persecution or a well-founded fear of future persecution on account of an anti-gang political opinion or membership in a particular social group. *See Santos–Lemus*, 542 F.3d at 745–47. Accordingly, his asylum and withholding of removal claims fail. *See id.* at 748.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Hernandez–Aquino's CAT claim fails because he did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir.2004).

Finally, Hernandez–Aquino's due process challenge to the BIA's summary affirmance fails because the BIA adopted and affirmed the IJ's decision in its .entirety, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994). *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc) (stating that a Burbano affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ).

**PETITION FOR REVIEW DENIED.**